## Water Works Operators

THOMAS D. McBRIDE, Attorney General, and JOSEPH L. COHEN, Deputy Attorney General, September 20,

1957.—You have requested an opinion from this department concerning whether the Department of Health may adopt rules and regulations establishing a certification program for water works operators.

This certification program would enable the Department of Health to certify water works operators upon the basis of education and experience in their field. Under the proposed program your department would grade water works on the basis of their complexity, amount of water treated and the population served by a water works. The certification of water works operators would be graded similarly so that a person qualified to operate a grade C water works, for example, would not necessarily qualify to operate a grade B water works. The department would examine the applicants for certification and on the basis of this examination, together with their education and experience, would issue certificates to such applicants, which certificates would be graded as above mentioned. No one not presently a water works operator would be enabled to operate a water works without prior certification from your department.

The Act of April 22, 1905, P. L. 260, sec. 3, 35 PS §713 et seq., provides as follows:

"No municipal corporation, private corporation, company, or individual shall construct waterworks for the supply of water to the public within the State, or extend the same, without a written permit, to be obtained from the Commissioner of Health if, in his judgment, the proposed source of supply appears to be not prejudicial to the public health. The application for such permit must be accompanied by a certified copy of the plans and surveys for such waterworks, or extension thereof, with a description of the source from which it is proposed to derive the supply; and no additional source of supply shall subsequently be used for any such waterworks without a similar permit

from the Commissioner of Health. When application shall be made for a permit, under either of the above provisions of this section, it shall be the duty of the commissioner to proceed to examine the application, without delay, and, as soon as possible, he shall make a decision, in writing; and, within thirty days after such decision, the corporation, company, or individual making such application may appeal to any court of common pleas of the county, and said court shall, without delay, hear the appeal, and shall make an order approving, setting aside, or modifying such decision, or fixing the terms upon which said permit shall be granted. The penalty for failure to file copies of plans, surveys, and descriptions of existing waterworks, within the time hereinbefore fixed, and for the construction or extension of waterworks, or the use of an additional source of supply, without a permit from the Commissioner of Health, shall be five hundred dollars, and further penalty of fifty dollars per day for each day that the works are in operation contrary to the provisions of this act, recoverable by the Commonwealth, at the suit of the Commissioner of Health, as debts of like amount are recoverable by law."

Nothing in this act conditions the granting of a permit to any water works upon the certification of water works operators. Nor does any other act expressly give the Department of Health the power to certify water works operators. Therefore, the question is whether the Department of Health may, under its broad powers to protect the health of the citizens of Pennsylvania, promulgate rules and regulations establishing a certification system for water works operators.

These broad powers are contained in a series of enactments: Act of April 27, 1905, P. L. 312, sec. 8, 71 PS §1403 (powers of the Secretary of Health) ; Act of April 9, 1929, P. L. 177, sec. 2102, as amended, 71

PS §532 (powers of the Department of Health) ; ibid., sec. 2111, 71 PS §541 (powers of the Advisory Health Board).

Although these acts give the secretary and the Department of Health broad powers, these powers are subject to the limitation that departmental agencies may only exercise those powers clearly given them or necessarily implied in the grants of power. See Green v. Milk Control Commission, 340 Pa. 1 (1940); Swarthmore Borough v. Public Service Commission, 277 Pa. 472 (1923) ; Nevins, Inc., v. State Board of Pharmacy, 51 Dauph. 264 (1941) ; Fire Association of Philadelphia v. Insurance Commissioner, 49 Dauph. 386 (1940).

Since no express power is given to the Secretary of Health, the Department of Health or the Advisory Health Board to certify water works operators, the question remains whether this power is necessarily implied from their broad powers. Certainly, the legislature could have enacted legislation requiring water works operators to be certified and to prescribe standards for certification in the interest of public health. The legislature has not seen fit to do so. The power to certify water works operators cannot be necessarily implied from the powers granted to the Secretary of Health, the Department of Health or to the Advisory Health Board.

In the absence of such legislation the Department of Health may not require water works operators to be certified. However, the department can conduct a certification program on a voluntary basis as it has in the past.

It is, therefore, the opinion of this department and you are accordingly advised that your department may not require water works operators to be certified, but that you may continue a certification program on a voluntary basis.